IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr112

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| DAVION EUGENE HILL ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon a petition to revoke the defendant's bond (Doc. No. 29) and an addendum (Doc. No. 32).

The defendant pled guilty to Counts One, Two, Three of the indictment on September 26, 2006, charging conspiracy to possess with intent to deliver more than 5 grams of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. (Doc. No. 1: Indictment; Doc. No. 26: Acceptance and Entry of Guilty Plea). Thus, the defendant has been found guilty and is awaiting imposition of sentence for offenses described in subparagraphs (A), (B), and (C) of subsection (f)(1) of 18 U.S.C. § 3142. Pursuant to § 3143(a)(2), the defendant shall be detained unless the Court finds a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the government has recommended that no sentence of imprisonment be imposed; and the Court finds by clear and convincing evidence the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2)(A)(i), (ii) and (B).

Upon review of the record, the Court finds no evidence that establishes a substantial likelihood that motion for acquittal or new trial will be granted or that an attorney for the

government has recommended that no sentence of imprisonment be imposed. Thus, the Court is obligated by the statute to detain the defendant because the prerequisites for release have not been met. Id.

**IT IS, THEREFORE, ORDERED** that the defendant's bond is **REVOKED** and the defendant is committed to the custody of the Attorney General. Because the Bail Reform Act requires the detention of the defendant, the petition and the addendum alleging violations of the conditions of the defendant's release are **DENIED** as moot.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: March 15, 2007

Robert J. Conrad, Jr.
Chief United States District Judge