IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr112

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| DAVION EUGENE HILL | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 51), the government's response (Doc. No. 52), and the defendant's reply (Doc. No. 53).[1]

The defendant pled guilty to possessing more than 5 grams of cocaine base with intent to distribute (Count One), possessing a firearm in furtherance of that drug trafficking crime (Count Two), and possessing a firearm as a felon (Count Three). (Doc. No. 41: Judgment at 1). At sentencing, the Court determined that the the defendant was responsible for 9.1 grams of crack cocaine. (Doc. No. 42: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 15). The resulting offense level of 26 was increased by 2 for obstruction of justice (PSR at ¶ 19), and reduced by 3 for acceptance of responsibility (PSR at ¶ 30).[2] Combined with a criminal history category of V, the resulting advisory guideline range was 100-125 months. (Doc. No. 42: SOR at 1). The Court imposed the low-end of the guideline range plus 60 months for the 18 U.S.C. § 924(c) offense for a total of 160 months' imprisonment. (Doc. No. 41: Judgment at 2).

---

[1] Prior to the appointment of counsel on this issue, the defendant filed a pro se motion for a sentence reduction. (Doc. No. 47).

[2] The offense level for the felon-in-possession charge was lower than the offense level for the drug offense (PSR ¶ 27) and did not affect the sentence.

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 51). The amended offense level for possessing at 9.1 grams of cocaine base is 24. USSG Supp. to Appx. C., Amend. 706 (2007). The addition of 2 levels for obstruction of justice and the subtraction of 3 levels for acceptance of responsibility results in a total offense level of 23.[3] The amended guideline range, given a criminal history category of V, is 84-105 months. A low-end sentence plus the § 924(c) penalty would produce a 144-month sentence, which the government opposes (Doc. No. 52: Response at ¶ 9).

When a defendant is eligible for a sentence reduction, a court must still determine whether it is warranted. USSG §1B1.10 cmt. n.1. Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. The defendant has an extensive history of assaultive conduct. (PSR ¶¶ 34, 36, 38, 41). While in custody, the defendant has committed 9 infractions: 6 involving sexual acts, 2 of which were combined with an offense; 2 involving assault; and 2 involving failing to obey an order. (Doc. No. 53: Response at ¶ 4). In his reply, the defendant does not dispute the infractions, but rather contends that they should not prevent his receiving the benefit of the amendment to the guidelines. (Doc. No. 53: Reply at 3). The Court disagrees. Based on the nature and circumstances of the offense, the need to deter criminal conduct, and the need to protect the public from further crimes of the defendant, the Court finds that a further reduction of the defendant's sentence would not accomplish the goals of sentencing. The

---

[3] The Court found that the 2-level enhancement to the 18 U.S.C. § 922(g) offense for possessing a stolen gun did not apply; therefore, the offense level for that charge is still lower than the drug offense.

defendant's history of assaultive behavior is a prologue of continuing dangerousness, as evidenced by his violent conduct while incarcerated.

**IT IS, THEREFORE, ORDERED** that the defendant's pro se and with-counsel motions (Doc. Nos. 47, 51) are **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: July 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge